UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHANTA D. BEASLEY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CA 04-483 ML |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER, | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter is before the court on the request of Plaintiff
Shanta D. Beasley ("Plaintiff") for judicial review of the
decision of the Commissioner of Social Security ("the
Commissioner"), denying Supplemental Security Income ("SSI"),
under §§ 205(g) and 1631(c)(3) of the Social Security Act, as
amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act").
Plaintiff has filed a motion to reverse and/or to remand the
Commissioner's decision. Defendant Jo Anne B. Barnhart
("Defendant") has filed a motion for entry of judgment under
sentence four of 42 U.S.C. § 405(g) and remand of the matter to
the Commissioner.

The matter has been referred to this magistrate judge for
preliminary review, findings, and recommended disposition. See
28 U.S.C. § 636(b)(1)(B); D.R.I. Local R. 32(c). I recommend
that Plaintiff's Motion to Reverse and/or to Remand (Document
("Doc.") #11) ("Plaintiff's Motion to Reverse or Remand") be
granted to the extent that the matter be remanded to the
Commissioner for further administrative proceedings and that
Defendant's Motion for Entry of Judgment under Sentence Four of
42 U.S.C. §405(g) with Reversal and Remand of the Cause to the
Defendant (Doc. #18) ("Defendant's Motion for Judgment and
Remand") be granted.

## Facts and Travel

Plaintiff filed an application for SSI on September 28, 2001, alleging disability since July 1, 2001, due to an affective disorder. (R. at 18-19) The application was denied initially and on reconsideration, and a request for a hearing was timely filed. (R. at 18) A hearing was conducted on December 17 and 18, 2003, at which Plaintiff, represented by counsel, appeared and testified. (Id.) An impartial medical expert ("ME") and vocational expert ("VE") also testified, as did Plaintiff's therapist. (Id.)

On May 28, 2004, the ALJ issued a decision in which she concluded that Plaintiff was not disabled within the meaning of the Act and, therefore, not entitled to SSI.[1] (R. at 18-25) Plaintiff appealed the ALJ's decision to the Appeals Council (R. at 13-14), which on September 22, 2004, declined Plaintiff's request for review (R. at 8-10), thereby rendering the ALJ's decision the final decision of the Commissioner (R. at 8).

Plaintiff filed a Complaint (Doc. #1) in this court on November 17, 2004. Defendant's Answer (Doc. #4) was filed on January 31, 2005. On July 22, 2005, Plaintiff's Motion to Reverse or Remand (Doc. #11) was filed, and Defendant's Motion for Judgment and Remand (Doc. #18) was filed on November 4, 2005.

---

[1] Following the familiar sequential evaluation, the ALJ determined that: Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (R. at 19, 24); Plaintiff's affective disorder was a severe impairment, but her hyperthyroidism was not (R. at 19-20, 24); Plaintiff's affective disorder did not meet or equal a listed impairment (R. at 20, 24); Plaintiff's allegations regarding her limitations were not entirely credible (R. at 23, 24); Plaintiff retained the residual functional capacity to perform a wide range of all physical work, with a moderate limitation in her ability to concentrate such that she could only perform simple, repetitive work and could only have minimal work related interactions with co-workers or the public (id.); and Plaintiff was able to perform her past relevant work as a jewelry assembler and foot press operator (id.).

2

## **Discussion**

Plaintiff argues that: 1) the ALJ erred in ignoring portions of the record favorable to Plaintiff and by failing to consider all of the evidence; 2) the ALJ's reasons for discrediting the opinion of Plaintiff's treating psychiatrist are not supported by substantial evidence; and 3) the ALJ erred in finding that Plaintiff's impairment does not meet or medically equal the requirements of a listed impairment. See Plaintiff's Memorandum in Support of Motion to Reverse and/or to Remand at 1. Defendant states that "[f]ollowing further consideration by the Appeals Council, the Commissioner has determined that remand would be appropriate, and, accordingly, requests that the court remand this case to the Appeals Council ...." Memorandum in Support of Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to the Defendant ("Defendant's Mem.") at 1-2.

Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g) (2003). After reviewing the record and the filings, the court concurs that remand is appropriate.

I therefore recommend that the matter be remanded to the Commissioner so that she may instruct the Appeals Council, consistent with established procedures, to evaluate the evidence in the claims folder from Plaintiff's subsequent favorable application and determine whether an immediate favorable decision is appropriate or, if not, whether the matter should be remanded to an ALJ for consideration of the period prior to the subsequent

3

favorable decision.[2]  See Defendant's Mem. at 2.  If the Appeals
Council remands the matter to an ALJ, it should direct the ALJ
to: 1) clarify the severity and typical functional impact of
Plaintiff's mental impairments and the approximate number of
workdays per year her functioning would likely be further reduced
due to hypomania; 2) address all medical opinions in accordance
with the applicable regulations and rulings; 3) clarify the
functional demands of Plaintiff's past jobs in the jewelry
industry and whether any such jobs actually constituted
substantial gainful activity; and 4) obtain vocational expert
testimony that takes into account all medically established
limitations of Plaintiff's ability to perform work activities on
a sustained basis.  See id.

### Conclusion

I recommend that Plaintiff's Motion to Reverse or Remand be
granted to the extent that the matter be remanded to the
Commissioner for further administrative proceedings as explained
above and that Defendant's Motion for Judgment and Remand also be
granted.  Any objections to this Report and Recommendation must
be specific and must be filed with the Clerk of Court within ten
(10) days of its receipt.  See Fed. R. Civ. P. 72(b); D.R.I.
Local R. 32.  Failure to file specific objections in a timely
manner constitutes waiver of the right to review by the district
court and of the right to appeal the district court's decision.
See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir.
1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605
(1st Cir. 1980).

---

[2] The court declines to recommend that the Appeals Council
consider whether re-opening of the subsequent favorable decision is
warranted, see Defendant's Mem. at 2, because that decision is not
before the court.

DAVID L. MARTIN
United States Magistrate Judge
November 14, 2005